FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN DAVID OF AVER, Ex rel People of the States of the United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN JULIAN, in his individual capacity, and in his individual capacity under color of state law, acting as magistrate for the state of Idaho a non-entity, the Estate of Justin W. Julian and any derivative names; BRADY WALKER, in his individual capacity, and in his individual capacity under color of state Law acting as an Idaho state police trooper, for the state of Idaho a non-entity, the Estate of Brady Walker and any derivative names; GLENDA POSTON, in her individual capacity, and in her individual capacity under color of state law, acting as the clerk of the district court for the non-entity of the state of Idaho, the Estate of Glenda Poston and any derivative names; JACK DOUGLAS, in his individual | NO: 2:18-CV-276-RMP<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND |

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 1

| | |
|---|---|
| 1 | capacity, and in his individual capacity under color of state law, |
| 2 | acting as the prosecuting attorney for the state of Idaho; TEVIS HULL, in |
| 3 | his individual capacity, and in his individual capacity under color of |
| 4 | state law, acting as a deputy prosecuting attorney for the state of |
| 5 | Idaho, a non-entity, the Estate of Tevis Hull and any derivative names; |
| 6 | DAVID KRAMER, in his individual capacity, and in his individual |
| 7 | capacity under color of state law, acting as the Sheriff for Boundary |
| 8 | County, State of Idaho, United States of America, the Estate of David |
| 9 | Kramer and any derivative names; BRIAN NESS, in his individual |
| 10 | capacity, and in his individual capacity under color of state law, |
| 11 | acting as the head of the Idaho Transportation Department for the |
| 12 | non-entity of the state of Idaho, the Estate of Brian Ness and any |
| 13 | derivative names; STATE OF IDAHO, a non-entity or person, |
| 14 | acting under color of State Law in the of the state of Idaho; JOH & JANE |
| 15 | DOES 1-500, in their individual capacity, and in their individual |
| 16 | capacity under color of state law, acting for the state of Idaho a non- |
| 17 | entity, the Estate of John/Jane Doe and any derivative names, |
| 18 | Defendants. |
| 19 | |
| 20 | |
| 21 | |

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 2

BEFORE THE COURT is Plaintiff Steven David of aver's[1] Complaint, ECF No. 7.  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Defendants have not been served.

The Court must screen complaints brought by litigants proceeding *in forma pauperis* and shall dismiss the proceeding at any time if the action or appeal:

(i) is frivolous or malicious;
(ii) fails to state a claim upon which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (*quoting Neitzke v. Williams,* 490 U.S. 319 (1989)).

---

[1] The Court adheres to Plaintiff's recitation and capitalization of his name in his Complaint.

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 3

**BACKGROUND**

Plaintiff disputes the State of Idaho's authority to cite Plaintiff for failing to wear a seat belt and maintain a valid driver's license. Plaintiff alleges that he was injured by the State's actions following his citations and seeks monetary damages as well as a temporary and subsequently permanent injunction against Defendants from:

> 1) Violating Plaintiff's rights under color of law; 2) [Taking] any action on ISP citations Nos. 3835000057 & 3835000058; 3) . . . acting under or enforcing Idaho Code, which is not law, against Plaintiff; 4) . . . the 'state of Idaho magistrate division of the district court' from all activity against the Plaintiff; [and] 5) . . . the state of Idaho District Courts from acting under The Idaho Code or not connected to the constitutional judicial power of the State against the Plaintiff.

ECF No. 7 at 26.

A routine review of PACER records reveals that on August 2, 2018, Plaintiff filed an Amended Complaint in the United States District Court for the District of Montana, raising the same claims, based on the same alleged events, as Plaintiff has raised in his Complaint before this Court. *Compare* Amended Complaint, ECF No. 8 in Cause No. 18-cv-133-DLC-JCL (D. Mont. Aug. 2, 2018) *with* Complaint, ECF No. 7.[2] A United States District Court Judge for the District of Montana then

---

[2] The Court notes insignificant differences between the Complaint before this Court and the Amended Complaint before the District of Montana. For instance, Plaintiff recited the purported basis for jurisdiction and venue using slightly different language

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 4

dismissed Plaintiff's Amended Complaint on August 21, 2018, and, consequently, the District of Montana Clerk of Court entered a civil judgment against Plaintiff the same day. ECF Nos. 13 and 14 in Cause No. 18-cv-133-DLC-JCL (D. Mont., Aug. 21, 2018). The District of Montana court found that in light of Plaintiff's indication that "the prosecution of the two citations is still ongoing in Idaho" with a "warrant for Plaintiff's arrest [issued] on July 16, 2018," the "Abstention Doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1970) required dismissal" of Plaintiff's Amended Complaint. ECF No. 13 at 3–4 in Cause No. 18-cv-133-DLC-JCL.

## DISCUSSION

### *Res Judicata*

The doctrine of *res judicata*, or claim preclusion, bars "successive litigation of the very same claim" after there has been a final judgment on the merits of the claim involving the same parties. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see*

in his Complaint before this Court than he did in his Amended complaint filed in the District of Montana. *Compare* ECF No. 8, at 3–11, in Cause No. 18-cv-133-DLC-JCL *with* ECF No. 7 at 3–9. Plaintiff also stated that he was a temporary resident of Montana in paragraph 16 of the Montana Amended Complaint, ECF No. 8, at 12, in Cause No. 18-cv-133-DLC-JCL, but makes no such assertion in the Complaint in this District, *see* ECF No. 7.

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 5

*also ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (*Res judicata* applies "when there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'") (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

When a court is aware that an issue presented by a plaintiff has previously been decided and that judicial resources previously have been expended on the resolution of a claim, the court "may dismiss the action *sua sponte*, even though the defense has not been raised." *Ariz. v. Cal.*, 530 U.S. 392, 412–13 (2000).

Here, all elements of the doctrine of *res judicata* are met. Plaintiff raises the same claims in his Complaint as he did in the Amended Complaint that the District of Montana dismissed on August 21, 2018. Indeed, as in the District of Montana, the essence of the relief that Plaintiff seeks is the Court's intervention in an ongoing State process. Second, the District of Montana dismissed Plaintiff's Amended Complaint with prejudice and issued a civil judgment, which is a final termination of Plaintiff's issues. Third, Plaintiff's Complaint before this Court names the same Defendants as Plaintiff named in his Amended Complaint before the District of Montana. Therefore, Plaintiff's claims before this Court are precluded by *res judicata.*

In light of the Court's finding that Plaintiff's claims are precluded because another court already dismissed them with prejudice, Plaintiff's claims in this Court shall be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B). *See Cato v. U.S.*, 70

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND ~ 6

F.3d 1103, 1105 (9th Cir. 1995) (a district court may dismiss a complaint under § 1915 "that merely repeats pending or previously litigated claims").

*Futility of Amendment*

A plaintiff should be allowed to amend his complaint when the deficiencies may be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, in light of the doctrine of *res judicata* and the fact that a Montana court already reviewed the same claims by Plaintiff and dismissed the claims with prejudice, the Court concludes that amendment would be futile, and, therefore, leave to amend is not appropriate. *See id.*

Accordingly, **IT IS HEREBY ORDERED**:

1. The Complaint, **ECF No. 7**, is **dismissed with prejudice**.
2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that for the same reasons that the Court dismisses Plaintiff's complaint, the Court discerns no good faith basis for an appeal.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide a copy to Plaintiff, enter a judgment of dismissal with prejudice, and **close this case**.

**DATED** October 19, 2018.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                          United States District Judge